UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
DISTRIBUTORSOUTLET.COM, LLC,

                        Plaintiff,

          -against-

GLASSTREE, INC., GLASSTREE RACING,
LLC, MARCUS ANTHONSEN, CARL
BROWN,

                        Defendants.
----------------------------------------------------------x

**ORDER DENYING DEFENDANTS'
MOTION TO DISMISS FOR
*FORUM NON CONVENIENS* OR
IMPROPER VENUE**

11-CV-6079 (PKC)(SLT)

PAMELA K. CHEN, United States District Judge:

Plaintiff DistributorsOutlet.com, LLC, an online merchant, brought this action in December 2011 against Glasstree, Inc., a web hosting and design company; two Glasstree principals; and Glasstree Racing LLC (collectively, "Defendants").[1] Plaintiff is based in Staten Island and alleges that Defendants, based in Michigan, provided slipshod and incomplete website design services to Plaintiff. Presently before the Court is Defendants' motion to dismiss for *forum non conveniens* and improper venue. (*See* Dkts. 67, 68; 5/19/16 Order.) For the reasons set forth below, Defendants' motion is DENIED, subject to Defendants filing an objection by June 17, 2016, to the Court's taking of judicial notice as to certain information relating to this dispute.

**DISCUSSION**

**I.** *Forum Non Conveniens*

The Court previously found potentially dispositive the fact that the Terms of Usage policy submitted by Defendants (Dkt. 59-3) contained a forum selection clause providing that "Customer

---

[1] In its March 31, 2016 Order, however, this Court dismissed Defendants Carl Brown and Glasstree Racing from the action with prejudice. (*See* Dkt. 65 at ECF 16, 18.)

[DistributorsOutlet.com LLC] consents and agrees that venue shall be in Kalamazoo County, Michigan for any action brought with regard to this Agreement." (Dkt. 59-3 at ECF 7; *see* Dkt. 65 at ECF 18.) Defendants represented that Dkt. 59-3 was "a true and correct copy of the Terms of Usage which were incorporated by reference into both the First Contract and the Second Contract" (*i.e.*, the two contracts executed by Plaintiff that are at issue in this litigation). (Dkt. 59 ¶ 9.) Accordingly, on May 9, 2016, the Court sought additional briefing on whether the *Martinez-Starkey* factors were met so as to warrant enforcement of the forum selection clause under the doctrine of *forum non conveniens*. *See Atl. Marine Const. Co. v. U.S. Dist. Court for W Dist. of Tex.*, 134 S. Ct. 568, 580 (2013) ("[T]he appropriate way to enforce a forum-selection clause pointing to a [state forum] is through the doctrine of *forum non conveniens*."); *Starkey v. G Adventures, Inc.*, 796 F.3d 193 (2d Cir. 2015) (setting forth framework for evaluating enforcement of forum selection clauses); *Martinez v. Bloomberg LP*, 740 F.3d 211, 218 (2d Cir. 2014).

In its opposition, however, Plaintiff asserts that "the terms of service that the defendants rely on did not even exist when the contracts were entered into. They are dated March 23, 2012— some 6 years after the contracts were executed." (Dkt. 68 at ECF 2.) Although Plaintiff offers no evidence of the Terms of Usage that existed in 2006, the Court notes that the Terms of Usage submitted by Defendants is indeed dated "3/23/2012." The Court took the additional step of searching for historical versions of the Terms of Usage used by Defendants at the URL "http://glasstree.com/hosting_terms.asp" using the Internet Archive Wayback Machine (https://archive.org/web/). That search reveals that snapshots of the Terms of Usage contract as of July 19, 2006 and August 13, 2006—roughly around the time that the two contracts in question were executed—did not, in fact, contain a forum selection clause. Rather, it appears to the Court that the clause was not added until some time between March 14, 2008 and May 9, 2008.

With respect to its reliance on the Wayback Machine, the Court notes that courts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned under Federal Rule of Evidence 201. *See, e.g.*, *Hepp v. Ultra Green Energy Servs., LLC*, No. 13-cv-4692, 2016 WL 1073070, at *2 & n.1 (N.D. Ill. Mar. 18, 2016); *Erickson v. Nebraska Mach. Co.*, No. 15-cv-1147, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015); *Pond Guy, Inc. v. Aquascape Designs, Inc.*, No. 13-cv-13229, 2014 WL 2863871, at *4 (E.D. Mich. Jun. 24, 2014); *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab. Litig.*, MDL No. 1358, 2013 WL 6869410, at *4 n.65 (S.D.N.Y. Dec. 30, 2013); *Martins v. 3PD, Inc.*, No. 11-cv-11313, 2013 WL 1320454, at *16 n.8 (D. Mass. Mar. 28, 2013) (taking judicial notice of "the various historical versions of [a website] available on the Internet Archive at Archive.org as facts readily determinable by resort to a source whose accuracy cannot reasonably be questioned"). However, because under Federal Rule of Evidence 201(e), Defendants are entitled to be heard on the propriety of taking judicial notice of the Wayback Machine, Defendants may submit a letter by June 17, 2016 on this issue. In the absence of such a letter, the Court finds that the 2006 versions of the Terms of Usage that Plaintiff executed did not contain a forum selection clause, and therefore denies Defendants' motion to dismiss under the doctrine of *forum non conveniens*.[2]

---

[2] The Court additionally notes that to the extent Defendants rely on the Terms of Usage language that "Glasstree may amend, modify or update this agreement or The Terms of Usage Policy at our sole discretion [without notice to the customer], and customer shall be bound by any such amendment, modification or update" to argue that the later-added forum selection clause applies, the Court rejects that language as insufficient to establish that the forum selection clause was "reasonably communicated" to the end-user. *See Martinez*, 740 F.3d at 218.

## II. Venue

The Court also solicited briefing on whether a "substantial part of the events or omissions giving rise to the claim" occurred in this District so as to make venue proper under 28 U.S.C. § 1391(b)(2). (Dkt. 65 at ECF 19-20 n.18; 5/9/2016 Order.) As the Court previously noted, in breach of contract cases, relevant considerations include "where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Imagine Sols., LLC v. Med. Software Computer Sys., Inc.*, No. 06-cv-3793, 2007 WL 1888309, at *8 (E.D.N.Y. June 28, 2007). "[C]ourts are not, in general, required to determine the 'best venue,' but merely a logical one with a substantial connection to the litigation." *Reliance Ins. Co. v. Polyvision Corp.*, 474 F.3d 54, 59 (2d Cir. 2007) (citations omitted). Here, Plaintiff, located in New York, called Defendant Glasstree in Michigan to discuss the web design services Glasstree was to provide to Plaintiff. The parties negotiated the terms of the contract over the phone, and Plaintiff electronically accepted the contract on Glasstree's website. The contract was then performed by web designers located in Michigan. The Court is satisfied that venue is proper in this District based on the telephone discussions and negotiations between Plaintiff and Defendants leading up to the execution of the contracts in question. *See, e.g.*, *Gen. Capital Partners LLC v. Liberty Ridge, LLC*, No. 07-cv-4089, 2007 WL 3010028, at *2 (S.D.N.Y. Oct. 12, 2007) ("[T]he fact that the underlying contract was at least partially negotiated and executed in New York is, standing alone, sufficient for this action to proceed in this District."); *U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co., Ltd.*, 241 F.3d 135, 153–54 (2d Cir. 2001) (fact that terms of arbitration agreement were negotiated by telephone and facsimile with party in New York meant that "substantial part of the events giving rise to the claim" occurred in New York); *Sacody Techs., Inc. v. Avant, Inc.*, 862 F. Supp. 1152, 1157 (S.D.N.Y. 1994) (where a communication is "transmitted to or from the

district in which the cause of action is filed," venue is appropriate in that district "given a sufficient relationship between the communication and the cause of action."); *but see Fteja v. Facebook, Inc.*, 841 F. Supp. 2d 829, 841-42 (S.D.N.Y. 2012) (suggesting in dicta that the Southern District was "possibly an improper venue for this action" where the breach—the wrongful disabling of plaintiff's Facebook account—was "carried out" in California by Facebook employees, even though the user accepted the Terms of Service from New York and felt the injury in New York).

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss for *forum non conveniens* or improper venue is denied, subject to any objections by Defendants to the Court's taking judicial notice of the 2006-version of the Defendants' Terms of Usage through the Wayback Machine. If Defendants do not file such an objection by June 17, 2016, this case shall proceed to discovery under the oversight of the Honorable Steven L. Tiscione, with the Third Amended Complaint (Dkt. 66) functioning as the operative complaint. If, however, Defendants timely file an objection, the Court will decide whether to reconsider its denial of the motion. In addition, consistent with this Court's 3/30/16 Order and the Third Amended Complaint, Defendants Glasstree Racing LLC and Carl Brown are administratively terminated from this action.

SO ORDERED:

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: June 10, 2016
      Brooklyn, New York